IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
MIDLAND-ODESSA DIVISION

| | | |
|---|---|---|
| ERIK CARRASCO, | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 7:21-cv-190 |
| | § | |
| TERRY HENKELL, | § | |
| *Defendant.* | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

**TO THE HONORABLE UNITED STATES DISTRICT JUDGE:**

COMES NOW, Plaintiff, Erik Carrasco, complaining of Terry Henkell, and for causes of action will respectfully show unto the Court as follows:

"[A] Fourth Amendment violation may be established where an officer intentionally, or with reckless disregard for the truth, includes a false statement in a warrant application. Likewise, the intentional or reckless omission of material facts from a warrant application may amount to a Fourth Amendment violation."

*Kohler v. Englade*, 470 F.3d 1104, 1113 (5th Cir. 2006).

**SUMMARY**

In November of 2019, Officer Terry Henkell omitted exculpatory information in a sworn affidavit, causing Plaintiff Erik Carrasco to be wrongly arrested for the appalling crime of Indecency with a Child/Sexual Contact. Plaintiff did not commit this crime, was never even at the location the crime was committed, and the criminal charges were eventually dismissed in March of 2020 once the prosecutors recognized Officer Henkell had falsely identified Plaintiff in his affidavit by failing to include information pointing to the suspect being someone other than Plaintiff.

However, the arrest and association of Plaintiff with this criminal allegation caused Plaintiff to lose his job, spend money to post bond and hire a criminal defense attorney to defend himself in the criminal case, abide by numerous restrictive bond conditions, and suffer severe harm to his reputation. Mr. Carrasco now files this lawsuit against Officer Henkell for violating his constitutional rights under the Fourth and Fourteenth Amendments to the United States Constitution.

# I.
# PARTIES

1. Plaintiff Erik Carrasco is a resident of Ector County, Texas.

2. Defendant Terry Henkell is an individual residing in Ector County, Texas and is a police officer with the Ector County ISD District Police Department and may be served at his place of employment at the Ector County ISD District Police Department located at 1314 N Lee Ave, Odessa Texas 79761, or wherever he may be found. Defendant Henkell is being sued in his individual capacity.

## II.
## JURISDICTION AND VENUE

3. The Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1331 and § 1343 since Plaintiff is suing for relief under 42 U.S.C. § 1983.

4. Venue is proper in the Western District of Texas pursuant to 28 U.S.C. § 1391 because the Defendant resides in the Western District of Texas and all of the causes of action accrued in the Western District of Texas.

## III.
## FACTS AND ALLEGATIONS

5. In October of 2019, Plaintiff Erik Carrasco was a college student and part-time *AVID tutor* at *Ector Middle School*.

6. On November 1, 2019, a student at *Crockett Middle School* alleged her *substitute teacher* Mr. Carrasco inappropriately touched her on her breast.

7. The incident was alleged to have occurred on or about October 23, 2019.

8. Plaintiff could not have been the substitute teacher that was the subject of this allegation because Plaintiff never worked at Crockett Middle School in any capacity – information that was within the purview of Defendant Henkell who worked for the Ector County ISD District Police Department.

9. On November 1, 2019, Defendant Henkell received a call that a 7th grade student at Crockett Middle School reported a substitute teacher touched her on her breast.

10. That same day, Defendant Henkell began investigating the accusation.

11. Defendant Henkell spoke with the victim and learned that her substitute teacher, "Mr. Carrasco," touched her breast on "Hat Day" at the school.

12. Defendant Henkell learned that "Hat Day" was October 23, 2019.

13. On November 4, 2019, Defendant Henkell spoke with the Human Resources Department at Crockett Middle School.

14. Defendant Henkell then spoke to another student who witnessed the substitute teacher touch the victim.

15. Defendant Henkell learned from this witness that the incident occurred during 6th period in room 221.

16. Defendant Henkell also learned from this witness that the substitute teacher had been in their class for about two weeks.

17. Defendant Henkell also learned from this witness that the substitute teacher was about 21 years of age.

18. That same day, Defendant Henkell received fifteen field statements written by students in the class.

19. On November 4, 2019, Defendant Henkell contacted Sofie Portillo in Human Resources for Ector ISD.

20. Defendant Henkell asked for information on "Mr. Carrasco."

21. Including Plaintiff, there were three other people named "Mr. Carrasco'" that worked for Ector ISD.

22. Plaintiff worked as an AVID Tutor at Ector Middle School.

23. There was another Mr. Carrasco that was a Middle School Coach.

24. There was a third Mr. Carrasco that was a Substitute Teacher.

25. Mrs. Portillo gave Defendant Henkell contact information for all three employees named "Mr. Carrasco."

26. Defendant Henkell received three addresses, which upon information and belief, corresponded to each of the three employees named "Mr. Carrasco."

27. Defendant Henkell received three phone numbers, which upon information and belief, corresponded to each of the three employees named "Mr. Carrasco."

28. On November 6, 2019, Defendant Henkell went to Harmony Home to view the interview of the victim.

29. During that interview, Defendant Henkell learned from the victim that the "Mr. Carrasco" that assaulted her spoke to the students about his Tik Tok account and Musically channel.

30. Following the interview, Defendant Henkell called the victim into his office to ask her a few follow up questions.

31. During this follow up, Defendant Henkell learned from the victim that her substitute teacher who assaulted her had been her substitute teacher off and on for three weeks because they didn't have a permanent teacher. It had been a female substitute teacher at first and then "Mr. Carrasco" took over.

32. Again, Plaintiff was not a substitute teacher and had never been to Crockett Middle School as he worked as an AVID Tutor at Ector Middle School.

33. On November 7, 2019, Defendant Henkell then read through the fifteen witness statements written by students in the victim's class.

34. One student wrote that the substitute teacher's boss came into their 8th period class while the substitute was in the classroom, which means the boss would have easily been able to identify the correct "Mr. Carrasco."

35. Five of the written statements mentioned the substitute's Tik Tok account.

36. One of the students wrote the Tik Tok account name for the substitute: mlpcrybaby5.

37. A screenshot of mlpcrybaby5 on Tik Tok reveals the correct "Mr. Carrasco" who was the substitute teacher at Crockett Middle School and who was not Plaintiff.



38. Plaintiff is Hispanic; however, Defendant Henkell wrote in his affidavit that Plaintiff is a white male.

39. On November 12, 2019, Defendant Henkell called one of the phone numbers for "Mr. Carrasco" given to him by Human Resources; however, there was no answer.

40. Knowing that there were multiple employees named Mr. Carrasco with different phone numbers and different addresses, Defendant Henkell did not attempt to

contact either of the other two employees named "Mr. Carrasco" either by calling the other phone numbers or by going to any of the addresses.

41. Instead, without talking to any of the employees named "Mr. Carrasco," Defendant Henkell typed up a probable cause affidavit for the arrest of Plaintiff for the 2nd Degree Felony Offense of Indecency with a Child, signed the affidavit, and forward it to the District Court.

42. Below is a redacted copy of Defendant Henkell's affidavit for the arrest of Plaintiff.

43. The identifying information of Plaintiff, the minor victim, and the minor witnesses have been redacted for their privacy and protection.

**ECTOR COUNTY ISD**

**Probable Cause**

Reported By: HENKELL, TERRY

**Original Report Information**

Report Type: Case Report

Reference Number: 191101-01118

Reporting Officer: HENKELL, TERRY

Tracking Number: 292251

Report Disposition:

**Narrative Text**

FFIDAVIT TO ANY FACT

THE STATE OF TEXAS,

COUNTY OF ECTOR

BEFORE ME, the undersigned, a Peace Officer in and for said county, State of Texas on this day personally appeared Terry Henkell To me well known, and who, after being by me duly sworn, deposes and says that I have reason to believe and do believe that Erik Carrasco, a white male, DOB: ▮▮▮▮▮▮, did commit the Offense of Indecency with a Child, a Felony of the 2nd degree, and I base this belief on the following facts:

1) That on or about the 1st day of November, Officers at Crockett Middle School were contacted about a substitute teacher touching a student on her breast.
2) That Officer Terry Henkell responded to Crockett and talked to ▮▮▮▮, a student at the school. She said she was wearing a Polo shirt in her class where Mr. Carrasco is a substitute teacher. Mr. Carrasco commented on her shirt and he walked over and pinched her on her breast where the logo was at. ▮▮▮ said this made her feel uncomfortable. ECISD Police Department case number 191101-01118 was made.
3) That ▮▮▮▮▮▮, a witness, was interviewed and she said Mr. Carrasco walked up to ▮▮▮ and he grabbed ▮▮▮ by her shirt. He touched her breast when he did this. ▮▮▮ turned to her and said did you see what he just did. She also said that he tried to grab ▮▮▮'s hand earlier when she dropped a marker.
4) That on the 6th of November, 2019, a Harmony Home interview was conducted on ▮▮▮▮▮▮. She said that Mr. Carrasco walked up to her and commented on her Polo shirt and touched her on her breast. She said he grabbed her boob and pinched it. She felt uncomfortable. He also looks at the girls butts in class. He was wanting everyone's Tic Tok accounts. He talks about weed and cocaine in class. She feels uncomfortable around him.
5) That ▮▮▮▮ had written out a field statement to Officer Robles and she wrote that they were the prettiest girls he has ever seen and touched her on her shoulder and her hand. She said he told them about Tik Tok and not to tell no one about it because it could be sexual. She said he looks her up and down in a sexual manner.

Based upon the above information, I respectfully request that an arrest warrant be issued for Erik Carrasco, a white male, DOB: ▮▮▮▮▮▮, charging him with Indecency with a Child, a Felony of the 2nd degree.

Affiant

SUBSCRIBED AND SWORN TO BEFORE ME THIS 12th DAY OF November A.D. 2018.

Peace Officer in and for Ector County, Texas.

44. Despite Defendant Henkell's knowledge of multiple employees being named "Mr. Carrasco," being provided with different phone numbers and addresses for each "Mr. Carrasco" including the correct address of the Substitute Teacher, having the

Tik Tok account which shows pictures of the substitute named "Mr. Carrasco," the substitute being identified as "Mexican American," the substitute being described as having "brown eyes," and Defendant Henkell having access to all of the information he needed to correctly identify which "Mr. Carrasco" was a substitute at Crockett Middle School due to his working for the school's ISD District Police Department, at no point did Defendant Henkell corroborate if Plaintiff was ever on the premises of Crockett Middle School, if Plaintiff was a substitute teacher, if Plaintiff was the same person on the Tik Tok account, if Plaintiff had brown eyes, or if Plaintiff had been substitute teaching for the past two to three weeks as described by the students who gave written statements.

45.    Instead, Defendant Henkell with reckless disregard for the truth omitted the exculpatory information that (1) there were three employees named Mr. Carrasco working in the school district, (2) Defendant Henkell was given three different phone numbers corresponding to the different employees named Mr. Carrasco, (3) Defendant Henkell was given three different addresses corresponding to the different employees named Mr. Carrasco, which included the correct address for the substitute teacher, (4) Defendant Henkell never verified which employee named Mr. Carrasco was in fact the substitute accused of assaulting the victim in this case, (5) that the suspect had been described as "Mexican American" with "brown eyes" and Plaintiff has hazel eyes, (6) Defendant Henkell was given the account name for the suspect's Tik Tok account which included pictures of the suspect who was a different person than Plaintiff, (7) Defendant Henkell did not verify whether Plaintiff was the person on the Tik Tok account, and (8) the suspect had been described by a witness as being around twenty one years of age and Plaintiff was twenty nine years old (the "Mr. Carrasco" that owns the Tik Tok account was in fact twenty one at the time of the investigation).

46. As a direct and proximate result of Defendant Henkell's actions, Mr. Carrasco was wrongly arrested and charged with two felonies – Indecency with a Child/Sexual Contact and Improper Relationship between Educator and Student.

47. As a direct and proximate result of Defendant Henkell's actions in causing Plaintiff to be arrested and charged with two felonies – Indecency with a Child/Sexual Contact and Improper Relationship between Educator and Student – Plaintiff lost his job, had to post bond, had to hire a criminal defense attorney, had to abide by special conditions of bond associated with the felonies alleged against him, and suffered severe damage to his reputation as a result of the nature of the accusations.

## IV.
## CAUSES OF ACTION

### Count One

### False Arrest
### Violation of the Fourth Amendment Pursuant to 42 U.S.C. § 1983
### Against Defendant Henkell

48. Plaintiff repeats and re-alleges each and every allegation contained in the above paragraphs as if fully repeated herein.

49. Defendant Henkell, a police officer employed with the Ector County ISD District Police Department, was acting under color of state law during the course of the events that gave rise to this action.

50. A Probable Cause Affidavit for Plaintiff's arrest was issued with Defendant Henkell listed as the sole affiant.

51. The Supreme Court held that an officer may violate the Fourth Amendment when, in connection with an application for a warrant, he "makes a false statement knowingly and intentionally, or with reckless disregard for the truth" that results in a

warrant being issued without probable cause. *Franks v. Delaware*, 438 U.S. 154, 155 (1978).

52. The *Franks* case arose in the context of a search warrant, but its rationale extends to arrest warrants. See *Melton v. Phillips*, 875 F.3d 256, 262 (5th Cir. 2017) (en banc).

53. The Fifth Circuit has also found that a Fourth Amendment violation may be established where an officer intentionally, or with reckless disregard for the truth, includes a false statement in a warrant application. *Kohler v. Englade*, 470 F.3d 1104, 1113 (5th Cir. 2006).

54. Likewise, the Fifth Circuit explained that the intentional or reckless omission of material facts from a warrant application may also amount to a Fourth Amendment violation. *Id.*; *See Hale v. Fish*, 899 F.2d 390, 400 n. 3 (5th Cir.1990).

55. "To defeat the affirmative defense of qualified immunity as to his Fourth Amendment-based false arrest claim under § 1983, Jones must satisfy the following elements: (1) the affiant included false information in or omitted material information from the affidavit and that [he] did so knowingly or with a reckless disregard of the truth; (2) the reconstructed affidavit (excluding the false information and including the omitted information) would not establish probable cause to arrest; and (3) to overcome qualified immunity, Plaintiff [ ] must show "that [no] reasonably competent officer possessing the information that the [affiant] had at the time [he] swore [his] affidavit could have concluded that a warrant should issue." *Jones v. Perez*, No. 3:16-CV-2835-D, 2017 WL 4238700, at *6 (N.D. Tex. Sept. 25, 2017), aff'd, 790 F. App'x 576 (5th Cir. 2019); quoting *Freeman v. Cnty of Bexar*, 210 F.3d 550, 553 (5th Cir. 2000).

11

56. "To determine whether facts omitted from a warrant affidavit are material to the determination of probable cause, courts ordinarily insert the omitted facts into the affidavit and ask whether the reconstructed affidavit would still support a finding of probable cause." *Kohler*, 470 F.3d at 1113.

57. Probable cause cannot exist where the affidavit supporting a warrant contains material false statements or omissions that are deliberate falsehoods or evidence a reckless disregard for the truth. *DeLeon v. City of Dallas*, 345 Fed.Appx. 21, 23 (5th Cir. 2009).

58. If the officer, acting intentionally or with reckless disregard for the truth, fails to provide a magistrate with information that was critical to a finding of probable cause, then the officer may be held liable. *Hale v. Fish*, 899 F.2d 390, 400 (5th Cir. 2000).

59. The Fifth Circuit has explained that "[i]f the facts omitted from an affidavit are "clearly critical" to a finding of probable cause, then recklessness may be inferred from the proof of the omission itself." *Hale*, 899 F.2d at 400.

**Material Omissions in Reckless Disregard for the Truth**

60. Defendant Henkell signed the warrant affidavit and swore to the validity of the facts included in it.

61. The following is a screenshot of the affidavit sworn to by Defendant Henkell for the arrest of Plaintiff.

62. The identifying information of Plaintiff, the minor victim, and the minor witnesses have been redacted for their privacy and protection.

**ECTOR COUNTY ISD**

## Probable Cause

Reported By: HENKELL, TERRY

**Original Report Information**

Report Type: Case Report

Reference Number: 191101-01118

Reporting Officer: HENKELL, TERRY

Tracking Number: 292251

Report Disposition:

**Narrative Text**

FFIDAVIT TO ANY FACT

THE STATE OF TEXAS,

COUNTY OF ECTOR

BEFORE ME, the undersigned, a Peace Officer in and for said county, State of Texas on this day personally appeared Terry Henkell To me well known, and who, after being by me duly sworn, deposes and says that I have reason to believe and do believe that Erik Carrasco, a white male, DOB: ▇▇▇▇, did commit the Offense of Indecency with a Child, a Felony of the 2nd degree, and I base this belief on the following facts:

1) That on or about the 1st day of November, Officers at Crockett Middle School were contacted about a substitute teacher touching a student on her breast.
2) That Officer Terry Henkell responded to Crockett and talked to ▇▇▇▇, a student at the school. She said she was wearing a Polo shirt in her class where Mr. Carrasco is a substitute teacher. Mr. Carrasco commented on her shirt and he walked over and pinched her on her breast where the logo was at. ▇▇▇▇ said this made her feel uncomfortable. ECISD Police Department case number 191101-01118 was made.
3) That ▇▇▇▇, a witness, was interviewed and she said Mr. Carrasco walked up to ▇▇▇▇ and he grabbed ▇▇▇▇ by her shirt. He touched her breast when he did this. ▇▇▇▇ turned to her and said did you see what he just did. She also said that he tried to grab ▇▇▇▇'s hand earlier when she dropped a marker.
4) That on the 6th of November, 2019, a Harmony Home interview was conducted on ▇▇▇▇. She said that Mr. Carrasco walked up to her and commented on her Polo shirt and touched her on her breast. She said he grabbed her boob and pinched it. She felt uncomfortable. He also looks at the girls butts in class. He was wanting everyone's Tic Tok accounts. He talks about weed and cocaine in class. She feels uncomfortable around him.
5) That ▇▇▇▇ had written out a field statement to Officer Robles and she wrote that they were the prettiest girls he has ever seen and touched her on her shoulder and her hand. She said he told them about Tik Tok and not to tell no one about it because it could be sexual. She said he looks her up and down in a sexual manner.

Based upon the above information, I respectfully request that an arrest warrant be issued for Erik Carrasco, a white male, DOB: ▇▇▇▇, charging him with Indecency with a Child, a Felony of the 2nd degree.

Affiant

SUBSCRIBED AND SWORN TO BEFORE ME THIS 12th DAY OF November A.D. 2018.

Peace Officer in and for Ector County, Texas.

63. In the affidavit, Defendant Henkell swore that Plaintiff was the person accused of committing the 2nd Degree Felony Offense of Indecency with a Child.

64. However, Defendant Henkell includes absolutely no facts connecting Plaintiff to the crime, and instead, misleads the court into thinking Plaintiff is the same "Mr. Carrasco" mentioned by the victim and the witnesses.

65. However, Defendant Henkell omitted the exculpatory information that (1) there were three employees named Mr. Carrasco working in the school district, (2) Defendant Henkell was given three different phone numbers corresponding to the different employees named Mr. Carrasco, (3) Defendant Henkell was given three different addresses corresponding to the different employees named Mr. Carrasco, which included the correct address for the substitute teacher, (4) Defendant Henkell never verified which employee named Mr. Carrasco was in fact the substitute accused of assaulting the victim in this case, (5) that the suspect had been described as "Mexican American" with "brown eyes" and Plaintiff has hazel eyes, (6) Defendant Henkell was given the account name for the suspect's Tik Tok account which included pictures of the suspect who was a different person than Plaintiff, (7) Defendant Henkell did not verify whether Plaintiff was the person on the Tik Tok account, and (8) the suspect had been described by a witness as being around twenty one years of age and Plaintiff was twenty nine years old (the "Mr. Carrasco" that owns the Tik Tok account was in fact twenty one at the time of the investigation).

66. If these omitted facts were inserted into the affidavit, then the affidavit would not support probable cause to arrest Plaintiff in this case as it would be clear that there is no evidence connecting Plaintiff to the criminal accusation.

67. These omitted facts are clearly critical to a finding of probable cause; thus, Defendant Henkell's recklessness may be inferred from the proof of the omission itself. *Hale*, 899 F.2d at 400.

14

68. As a direct and proximate result of Defendant Henkell's actions, Mr. Carrasco was wrongly arrested and charged with two felonies – Indecency with a Child/Sexual Contact and Improper Relationship between Educator and Student.

69. As a direct and proximate result of Defendant Henkell's actions in causing Plaintiff to be arrested and charged with two felonies – Indecency with a Child/Sexual Contact and Improper Relationship between Educator and Student – Plaintiff lost his job, had to post bond, had to hire a criminal defense attorney, had to abide by special conditions of bond associated with the felonies alleged against him, and suffered severe damage to his reputation as a result of the nature of the accusations.

70. As a result of Henkell violating Plaintiff's constitutional rights, Plaintiff suffered injuries and damages in the form of emotional distress, torment, and mental anguish and deprivations of his liberty.

71. These injuries and damages were not caused by any other means.

## Count Two

**Substantive Due Process Violation**
**Violation of the Fourteenth Amendment Pursuant to 42 U.S.C. § 1983**
**Against Defendant Henkell**

72. Plaintiff repeats and re-alleges each and every allegation contained in the above paragraphs as if fully repeated herein.

73. It is firmly established that a defendant in a § 1983 suit acts under color of state law when he abuses the position given to him by the State. *West v. Atkins*, 487 U.S. 42, 49–50, 108 S. Ct. 2250, 2255, 101 L. Ed. 2d 40 (1988).

74. Defendant Henkell, a police officer employed with the Ector County ISD District Police Department was acting under color of state law during the course of the events that gave rise to this action.

75. The Supreme Court has stated that substantive due process is violated by executive action "only when it 'can properly be characterized as arbitrary, or conscience shocking in a constitutional sense." *Doe ex rel. Magee v. Covington Cty. Sch. Dist. ex rel. Keys*, 675 F.3d 849, 867 (5th Cir. 2012) (citing *Cty. of Sacramento v. Lewis*, 523 U.S. 833, 847, 118 S. Ct. 1708, 1717, 140 L. Ed. 2d 1043 (1998)).

76. Conduct sufficient to shock the conscience for substantive due process purposes has been described in several different ways. It has been described as conduct that "violates the decencies of civilized conduct"; conduct that is "so brutal and offensive that it [does] not comport with traditional ideas of fair play and decency"; conduct that "interferes with rights implicit in the concept of ordered liberty"; and conduct that "is so egregious, so outrageous, that it may fairly be said to shock the contemporary conscience." *Doe* 675 F.3d at 867.

77. The Supreme Court has also said that the "shock the conscience" standard is satisfied where the conduct was "intended to injure in some way unjustifiable by any government interest," or in some circumstances if it resulted from deliberate indifference. *Cty of Sacramento.*, at 849–850, 118 S.Ct. 1708.

78. There is no question that Defendant Henkell's actions "interfere[d] with rights implicit in the concept of ordered liberty" and that his conduct was "so egregious, so outrageous, that it may fairly be said to shock the contemporary conscience," in light of evidence uncovered during the course of Defendant's investigation, the misleading affidavit sworn to by Defendant for Plaintiff's arrest which omitted critical exculpatory facts showing Plaintiff was not the suspect in this case, and the reckless disregard for the truth shown by Defendant's constitutionally deficient investigation knowing the

consequences associated with the arrest and charge of Indecency with a Child. *Doe* 675 F.3d at 867.

79. Despite Defendant Henkell's knowledge of multiple employees being named "Mr. Carrasco," being provided with different phone numbers and addresses for each "Mr. Carrasco," having the Tik Tok account which shows pictures of the substitute named "Mr. Carrasco," the substitute being identified as "Mexican American," the substitute being described as having "brown eyes," and Defendant Henkell having access to all of the information he needed to correctly identify which "Mr. Carrasco" was a substitute at Crockett Middle School due to his working for the school's ISD District Police Department, at no point did Defendant Henkell corroborate if Plaintiff was ever on the premises of Crockett Middle School, if Plaintiff was a substitute teacher, if Plaintiff was the same person on the Tik Tok account, if Plaintiff had brown eyes, or if Plaintiff had been substitute teaching for the past two to three weeks as described by the students who gave written statements.

80. Instead, Defendant Henkell omitted the exculpatory information that (1) there were three employees named Mr. Carrasco working in the school district, (2) Defendant Henkell was given three different phone numbers corresponding to the different employees named Mr. Carrasco, (3) Defendant Henkell was given three different addresses corresponding to the different employees named Mr. Carrasco, which included the correct address for the substitute teacher, (4) Defendant Henkell never verified which employee named Mr. Carrasco was in fact the substitute accused of assaulting the victim in this case, (5) that the suspect had been described as "Mexican American" with "brown eyes" and Plaintiff has hazel eyes, (6) Defendant Henkell was given the account name for the suspect's Tik Tok account which included pictures of the suspect who was a different

17

person than Plaintiff, (7) Defendant Henkell did not verify whether Plaintiff was the person on the Tik Tok account, and (8) the suspect had been described by a witness as being around twenty one years of age and Plaintiff was twenty nine years old (the "Mr. Carrasco" that owns the Tik Tok account was in fact twenty one at the time of the investigation).

81. Defendant Henkell did so, knowing the stigma in our society associated with being arrested and charged with the criminal offense of Indecency with a Child, including being labeled as a sex offender and a pedophile and upon conviction being required to register as a sex-offender for the rest of his life.

82. As a direct and proximate result of Defendant Henkell's actions, Mr. Carrasco was wrongly arrested and charged with two felonies – Indecency with a Child/Sexual Contact and Improper Relationship between Educator and Student.

83. As a direct and proximate result of Defendant Henkell's actions in causing Plaintiff to be arrested and charged with two felonies – Indecency with a Child/Sexual Contact and Improper Relationship between Educator and Student – Plaintiff lost his job, had to post bond, had to hire a criminal defense attorney, had to abide by special conditions of bond associated with the felonies alleged against him, and suffered severe damage to his reputation as a result of the nature of the accusations.

84. As a result of Henkell violating Plaintiff's constitutional rights, Plaintiff suffered injuries and damages in the form of emotional distress, torment, and mental anguish and deprivations of his liberty.

85. These injuries and damages were not caused by any other means.

## V.
## **PUNITIVE DAMAGES**

86. Plaintiff repeats and re-alleges each and every allegation contained in the above paragraphs as if fully repeated herein.

87. When viewed objectively from the standpoint of Defendant Henkell at the time of the occurrence, said Defendant's conduct involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others.

88. As a direct, proximate, and producing cause and the intentional, egregious, malicious conduct by Defendant Henkell which was recklessly or callously indifferent to Plaintiff's constitutionally protected rights, Plaintiff is entitled to recover punitive damages in an amount within the jurisdictional limits of this Court.

## VI.
## **DAMAGES**

89. Plaintiff repeats and re-alleges each and every allegation contained in the above paragraphs as if fully repeated herein.

90. Plaintiff's injuries were a foreseeable event, which were directly and proximately caused by Defendant's conduct.

91. As a result, Plaintiff is entitled to recover all actual damages allowed by law. Plaintiff contends Defendant's conduct constitutes malice, evil intent, or reckless or callous indifference to Plaintiff's federally protected rights. Thus, Plaintiff is entitled to punitive damages against Defendant Henkell.

92. As a direct and proximate result of the occurrence which made the basis of this lawsuit, Plaintiff was forced to suffer:

    a. Emotional distress, torment, and mental anguish;
    b. Deprivations of his liberty;
    c. Loss of income; and

    d.  Monetary losses associated with defending himself in the criminal case.

93.    Pursuant to 42 U.S.C. § 1983 and § 1988, Plaintiff seeks to recover, and requests the award of punitive damages, reasonable attorney's fees, and costs of court.

## VII.
## ATTORNEY'S FEES

94.    If Plaintiff prevails in this action, by settlement or otherwise, Plaintiff is entitled to and hereby demands attorney's fees under 42 U.S.C. § 1988.

## VIII.
## JURY REQUEST

95.    Plaintiff respectfully requests a jury trial.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that judgment be rendered against Defendant, for an amount in excess of the jurisdictional minimum of this Court. Plaintiff further prays for all other relief, both legal and equitable, to which he may show himself justly entitled.

                Respectfully submitted,

                */s/ Scott H. Palmer*
                SCOTT H. PALMER,
                Texas Bar No. 00797196

                */s/ James P. Roberts*
                JAMES P. ROBERTS,
                Texas Bar No. 24105721

                SCOTT H. PALMER, P.C.
                15455 Dallas Parkway, Suite 540
                Addison, Texas 75001
                Telephone: 214.987.4100
                Facsimile: 214.922.9900
                scott@scottpalmerlaw.com
                james@scottpalmerlaw.com

                COUNSEL FOR PLAINTIFF