**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION**

| | | |
|---|---|---|
| **ERIK CARRASCO,** § | | |
| *Plaintiff*, § | | |
| § | | |
| v. § | **MO:21-CV-00190-DC** | |
| § | | |
| **TERRY HENKELL,** § | | |
| *Defendant*. § | | |

## ORDER ADOPTING IN PART REPORT AND RECOMMENDATION

BEFORE THE COURT is the Report and Recommendation (R&R) of United States Magistrate Judge Ronald C. Griffin filed in the above-captioned cause on January 25, 2022, in connection with the Motion to Dismiss filed by Defendant Terry Henkell (Defendant). (Docs. 11, 15). Defendant filed timely Objections to the R&R. (Doc. 16). After due consideration, the Court **OVERRULES IN PART** Defendant's Objections (Doc. 16) and **ADOPTS IN PART** the R&R (Doc. 15). Finally, Defendant's Motion to Dismiss is **GRANTED IN PART** and **DENIED IN PART**. (Doc. 11).

### I.   BACKGROUND

Plaintiff Erik Carrasco (Plaintiff) filed this lawsuit against Defendant on October 14, 2021. (Doc. 1). Plaintiff alleges that Defendant, a police officer with the Ector County Independent School District (ECISD) Police Department, omitted exculpatory information in an affidavit, which resulted in his wrongful arrest for indecency/sexual contact with a child. *Id.* at 2. Plaintiff claims that the arrest and association of Plaintiff with the criminal allegation caused Plaintiff to lose his job and money used to post bond. *Id.* Plaintiff also claims he incurred attorney fees. *Id.* Moreover, Plaintiff pleads that he was required to abide by restrictive bond conditions and suffered severe harm to his reputation. *Id.* Plaintiff raises claims for violation of

his Fourth and Fourteenth Amendment rights. *Id.* at 10–18. Moreover, Plaintiff seeks to recover punitive damages. *Id.* at 19.

Defendant filed a Motion to Dismiss on November 29, 2021. (Doc. 11). Defendant urged for the dismissal of the Complaint, arguing that he is entitled to qualified immunity and that Plaintiff fails to plead sufficient facts to state a plausible claim for relief. *Id.* at 2.

The Magistrate Judge issued an R&R recommending granting in part and denying in part Defendant's Motion to Dismiss. (Doc. 15). The Magistrate Judge recommends granting the Motion to Dismiss as it relates to Plaintiff's Fourteenth Amendment claim and denying it as it relates to Plaintiff's Fourth Amendment claim and request for punitive damages. *See generally id.*

Defendant objects to the Magistrate Judge's conclusions regarding the Fourth Amendment claim and the request for punitive damages. (Doc. 16). Moreover, Defendant objects to the Magistrate Judge's analysis related to the dismissal of Plaintiff's Fourteenth Amendment claim, but not to the Magistrate Judge's ultimate conclusion and recommendation that the claim be dismissed. *Id.*

## II.   LEGAL STANDARDS

### A.  Objections to the R&R

Any party who desires to object to a Magistrate Judge's findings and recommendations must serve and file written objections within fourteen (14) days after being served with a copy of the findings and recommendations. 28 U.S.C. § 636(b)(1). Failure to file written objections to the R&R within fourteen (14) days after being served with a copy shall bar that party from *de novo* review by the district court of the proposed findings and recommendations. *Id.*

Moreover, except upon grounds of plain error, it shall also bar the party from appellate review of proposed factual findings and legal conclusions accepted by the district court to which no objections were filed. *Id.*; *Thomas v. Arn*, 474 U.S. 140, 150–53 (1985); *United States v. Wilson*, 864 F.2d 1219 (5th Cir. 1989) (per curiam).

### B. Motion to Dismiss Under Rule 12(b)(6)

Federal Rule of Civil Procedure 12(b)(6) provides for dismissal of a complaint for "failure to state a claim upon which relief can be granted." Consequently, the challenge is to the sufficiency of the complaint rather than the merits. When considering a Rule 12(b)(6) motion, a court must "accept the complaint's well-pleaded facts as true and view them in the light most favorable to the plaintiff." *Johnson v. Johnson*, 385 F.3d 503, 529 (5th Cir. 2004). Further, the court does not look beyond the face of the complaint to determine whether the plaintiff states a claim under Rule 12(b)(6). *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). When the well-pleaded facts are viewed in this light, dismissal is proper only where the plaintiff can prove no set of circumstances entitling him to relief. *Rankin v. Wichita Falls*, 762 F.2d 444, 446 (5th Cir. 1985). However, "plaintiffs must allege facts to support the elements of the cause of action in order to make out a valid claim." *Hale v. King*, 642 F.3d 492, 498 (5th Cir. 2011). The court need not accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions." *Ferrar v. Chevron Corp.*, 484 F.3d 776, 780 (5th Cir. 2007).

To survive a motion to dismiss under Rule 12(b)(6), a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 570 (2007)); *DeMoss v. Crain*, 636 F.3d 145, 152 (5th Cir. 2011). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference

that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Plausibility requires more than "a sheer possibility that a defendant has acted unlawfully." *Id.* Likewise, threadbare recitals of a cause of action's elements supported by conclusory statements will not survive a motion to dismiss. *Id.* Factual allegations must raise a right to relief above the speculative level. *Twombly*, 550 U.S. at 555. A plaintiff's failure to meet the specific pleading requirements should not automatically or inflexibly result in the dismissal of the complaint with prejudice to re-filing. *Hart v. Bayer Corp.*, 199 F.3d 239, 247 n.6 (5th Cir. 2000).

### III.   DISCUSSION

#### A.  Fourteenth Amendment Claim

The Court notes that Defendant does not object to the Magistrate Judge's ultimate conclusion and recommendation that Plaintiff's Fourteenth Amendment claim be dismissed. (Doc. 16 at 2). Instead, Defendant objects to the Magistrate Judge's analysis concerning that claim. *Id.* Moreover, Plaintiff did not file objections to the R&R.

Plaintiff's Fourteenth Amendment claim is generally based on an alleged substantive due process violation. (Doc. 1 at 15–18). Plaintiff argues that Defendant violated his substantive due process by interfering with Plaintiff's rights, "implicit in the concept of ordered liberty." *Id.* at 16. The claim is premised on Defendant's conduct in investigating a criminal allegation that allegedly resulted in Plaintiff's wrongful arrest. *Id.* at 16–17.

"[R]esort to a generalized remedy under the Due Process Clause is inappropriate where a more specific constitutional provision provides the rights at issue." *Arnold v. Williams*, 979 F.3d 262, 270 (5th Cir. 2020) (citing *Albright v. Oliver*, 510 U.S. 266, 273 (1994)). Here, Plaintiff's Complaint does not state a claim for procedural or substantive due process violations. (Doc. 1). Rather, in this case, the Fourth Amendment protects Plaintiff's rights. *See id.* Thus, the specific

4

provision, not the more generalized notion of substantive due process, better guides the Court's analysis of Plaintiff's claims. *Arnold*, 979 F.3d at 270 (citing *Albright*, 510 U.S. at 273). In sum, Plaintiff fails to state a claim under the Fourteenth Amendment's Due Process Clause. On this basis alone, Plaintiff's Fourteenth Amendment claim is subject to dismissal.

For this reason, the Court sustains Defendant's objection and adopts only the Magistrate Judge's ultimate conclusion that Plaintiff's Fourteenth Amendment claim against Defendant be dismissed. The claim is to be dismissed with prejudice.

### B. Fourth Amendment Claim

Next, the Court turns to Defendant's first objection. (Doc. 16 at 8–12). Defendant argues that Plaintiff does not defeat Defendant's entitlement to qualified immunity as to the Fourth Amendment claim. *Id.* In Count I, Plaintiff alleges that Defendant signed a warrant affidavit and swore to the validity of the facts in it, excluding exculpatory information. (Doc. 1 at 12–14). Plaintiff claims Defendant's omissions were material and give rise to *Franks* liability.[1] *Id.*

"Government officials who perform discretionary functions are entitled to the defense of qualified immunity, which shields them from suit as well as liability for civil damages, if their conduct does not violate 'clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Bradyn S. v. Waxahachie Indep. Sch. Dist.*, 407 F. Supp. 3d 612, 622 (N.D. Tex. 2019) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). Qualified immunity is an affirmative defense that must be pled. *Id.* (citing *Gomez v. Toledo*, 446 U.S. 635, 640 (1980)). Defendant raised the defense in the instant Motion to Dismiss. (Doc. 11).

---

1. "Liability under *Franks* can arise from either material misstatements or material omissions in warrant affidavits." *Terwilliger v. Reyna*, 4 F.4th 270, 281 (5th Cir. 2021) (citations omitted). Moreover, although the *Franks* case concerned a search warrant, "its rationale extends to arrest warrants." *Id.* (citing *Melton v. Phillips*, 875 F.3d 256, 262 (5th Cir. 2017) (en banc)).

After a defendant pleads qualified immunity, the burden shifts to the plaintiff to "rebut this defense by establishing that the official's allegedly wrongful conduct violated clearly established law." *See Pierce v. Smith*, 117 F.3d 866, 871–72 (5th Cir. 1997) (quoting *Salas v. Carpenter*, 980 F.2d 299, 306 (5th Cir. 1992)). The Fifth Circuit does not require that "an official demonstrate that he did not violate clearly established federal rights." *Id.* (citing *Salas*, 980 F.2d at 306). That burden is solely on the plaintiff.

Courts apply a two-part inquiry when deciding whether an officer is entitled to qualified immunity. *Saucier v. Katz*, 533 U.S. 194, 201 (2001). The court must decide "whether the facts alleged or shown are sufficient to make out a violation of a constitutional or federal statutory right." *Id.* If there was no violation, no further inquiry is necessary. *Id.* However, if the plaintiff sufficiently pleads a constitutional violation, the court must then decide "whether the right at issue was clearly established at the time of the government official's alleged misconduct." *Bradyn S.*, 407 F. Supp. 3d at 622–23 (citing *Saucier*, 544 U.S. at 201). Under *Pearson v. Callahan*, district courts are allowed to exercise their discretion "in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand." 555 U.S. 223, 236 (2009). The second prong of the two-part inquiry involves two questions. *See Bradyn S.*, 407 F. Supp. 3d at 623 (citations omitted). The first inquiry is "whether the allegedly violated constitutional right[] [was] clearly established at the time of the incident." *Id.* (citations omitted) (alterations in original). If so, the second inquiry is "whether the conduct of the defendant[] [official] was objectively unreasonable in light of that then clearly established law." *Id.* (citations omitted) (alterations in original).

When considering a qualified immunity defense at the pleading stage, the Court must answer two questions. *Romero v. Brown*, 937 F.3d 514, 519 (5th Cir. 2019). "First, does the

complaint allege a constitutional violation?" *Id.* "If so, was the violation clearly established so that the government official would have known [he] was violating the law?" *Id.*

Plaintiff's Fourth Amendment claim concerns the alleged false arrest. (Doc. 1 at 10–15). Plaintiff pleads that Defendant "typed up a probable cause affidavit" for Plaintiff's arrest for the second-degree felony offense of indecency with a child, "signed the affidavit," and sent it to the district court. (Doc. 1 at 7). Plaintiff further pleads that Defendant acted with reckless disregard for the truth when he omitted exculpatory information. *Id.* at 9. Defendant allegedly omitted that there were three employees with Plaintiff's name and three different telephone numbers and addresses for the three individuals. *Id.* Moreover, Defendant omitted that he had not verified which ECISD employee with Plaintiff's name was the individual accused of assaulting the victim. *Id.* Plaintiff notes that his eyes did not match the description of the accused provided by the victim, Defendant had photos of the accused, and that the victim stated the accused was 21 years old, and Plaintiff was 29 years old. *Id.* at 9. Plaintiff alleges that Defendant's actions "directly and proximately" resulted in his "wrongful arrest[]" and charges for two felonies—indecency with a child/sexual contact and improper relationship between educator and student. *Id.* at 10. In sum, Plaintiff pleads that Defendant made knowing and intentional omissions that resulted in a warrant being issued for Plaintiff's arrest without probable cause and Plaintiff's wrongful arrest. (Doc. 1 at 1–10).

Although not a model of clarity, Plaintiff sufficiently alleges a Fourth Amendment violation. "A governmental official violates the Fourth Amendment when he deliberately or recklessly provides false, material information for use in an affidavit in support of a search [or arrest] warrant." *Rhoten v. Stroman*, No. 116CV00648ADAJCM, 2020 WL 1536381, at *5 (W.D. Tex. Mar. 31, 2020), *aff'd in part, rev'd in part and remanded sub nom. Terwilliger v.*

*Reyna*, 4 F.4th 270 (5th Cir. 2021) (citation omitted). In the instant case, Plaintiff's *Franks* claim alleges that Defendant knowingly, intentionally, and recklessly omitted material information in an affidavit in support of an arrest warrant. (Doc. 1 at 10–15). Plaintiff continues, pleading that had the omitted facts been included in the affidavit, the affidavit "would not support probable cause" for Plaintiff's arrest. *Id.* at 14. The Fifth Circuit has found similar pleadings sufficient. *See, e.g.*, *Terwilliger*, 4 F.4th at 283 (finding one officer was "within the compass of potential *Franks* liability because he signed the warrant affidavit and swore to the validity of the facts included in it"). Thus, the Court overrules Defendant's objection to the Magistrate Judge's finding regarding the first prong and holds that it is met.[2]

The Court notes that the Complaint is ambiguous regarding Defendant's state of mind. (Doc. 1 at 10–15). However, "at this early stage of the case, with no record yet developed, dismissal on qualified immunity grounds is inappropriate." *Rhoten*, 2020 WL 1536381, at *5.

Defendant also questions whether Plaintiff established the second prong of the qualified immunity defense. (Doc. 16). He argues that Plaintiff does not show that the right allegedly violated was "clearly established." *Id.* at 8. "The central purpose of the 'clearly established' inquiry is to determine whether 'prior decisions gave reasonable warning that the conduct at issue violates constitutional rights.'" *See Pate v. Harbers*, No. 1:15-CA-375-SS, 2015 WL 4911407, at *8 (W.D. Tex. Aug. 17, 2015), *aff'd*, 667 F. App'x 487 (5th Cir. 2016) (quoting *Kinney v. Weaver*, 367 F.3d 337, 350 (5th Cir. 2004)). The Fifth Circuit explained:

> Ordinarily, a plaintiff defeats qualified immunity by citing governing case law finding a violation under factually similar circumstances. But that is not the only way to defeat qualified immunity. Although earlier cases involving fundamentally similar facts can provide especially strong support for a conclusion that the law is clearly established, they are not necessary to such a finding.

---

2. Notably, Defendant's analysis with regard to the first prong focuses on whether the right was clearly established. (Doc. 16 at 8–9). That inquiry concerns the second prong. *See Romero*, 937 F.3d at 519.

> [O]fficials can still be on notice that their conduct violates established law even in novel factual circumstances. [A] general constitutional rule already identified in the decisional law may apply with obvious clarity to the specific conduct in question, even though the very action in question has [not] previously been held unlawful.

*Villarreal v. City of Laredo, Tex.*, 17 F.4th 532, 539 (5th Cir. 2021) (internal citations and quotation marks omitted) (alterations in original). The Court is tasked with considering whether the law put Defendant on notice that omitting material information from an affidavit used to support a warrant violated the Fourth Amendment. *See id.*

In 2017, the Fifth Circuit provided that "an officer who makes knowing and intentional *omissions* that result in a warrant being issued without probable cause" is subject to § 1983 liability. *See Melton v. Phillips*, 875 F.3d 256, 264 (5th Cir. 2017) (citations omitted) (emphasis in original). Thus, those responsible for preparing a warrant application may be liable under § 1983 for false arrest based on misidentification. *Id.*; *see also Wilson v. Stroman*, No. 20-50367, 2022 WL 1261660, at *2 (5th Cir. Apr. 28, 2022) (noting that an officer may be "liable under *Franks* if the probable cause in an affidavit is the result of material misstatements or material omissions"). Accepting Plaintiff's well-pleaded allegations as true and drawing all reasonable inferences in Plaintiff's favor, the Court finds that he has stated a plausible *Franks* claim against Defendant. *See, e.g.*, *Terwilliger*, 4 F.4th at 284 (holding that the plaintiffs asserted a "*clearly established right* to be free from arrest without a good faith showing of probable cause" (emphasis added)). Accordingly, Defendant's objections regarding the issue are overruled.

Defendant argues that the proper inquiry is whether it was clearly established in November 2019—when Plaintiff was arrested—that "a police officer would violate the Fourth Amendment by typing up, but not signing or swearing to, a document which reflects information about a suspect and an incident, but which omits information concerning a physical attribute of

9

the suspect and the existence of multiple individuals who bear the same name." (Doc. 16 at 10). However, Defendant's proposed inquiry is flawed in that the Complaint alleges that Defendant typed and signed the affidavit. (Doc. 1 at 7). The Court understands that the copy of the report included in Plaintiff's complaint does not include Defendant's signature. (Doc. 1 at 8). However, the report appears to provide only a screenshot of the affidavit submitted with the application for Plaintiff's arrest warrant. *Id.* at 12. Thus, it is plausible that Defendant signed the affidavit and application for the arrest warrant. At the pleading stage, the Court accepts all "well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *See Martin K. Eby Constr. Co., Inc. v. Dall. Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004) (internal quotation marks and citation omitted).

Moreover, an officer need not sign the warrant affidavit for *Franks* liability to attach. *See Melton*, 875 F.3d at 262. Rather, it is enough that the officer helped prepare the complaint by providing information for use in it. *Id.* at 264.

### C. Punitive Damages

Finally, Defendant challenges the Magistrate Judge's recommendation on Plaintiff's claim for punitive damages. (Doc. 16 at 16–17). The Magistrate Judge concludes that because Plaintiff's Fourth Amendment claim survives Defendant's Motion to Dismiss, so should the request for punitive damages. (Doc. 15 at 14).

"Punitive damages may be awarded in § 1983 cases 'when the defendant's conduct is shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others.'" *Heaney v. Roberts*, 846 F.3d 795, 803 (5th Cir. 2017) (quoting *Smith v. Wade*, 461 U.S. 30, 56 (1983)). Here, Plaintiff pleads that Defendant acted recklessly or callously indifferent to his federally protected rights. (Doc. 1 at

19). Whether to award or deny punitive damages is best "left to the finder of fact." *See Heaney*, 846 F.3d at 803. Thus, the Court finds that it would be improper to dismiss Plaintiff's request for punitive damages at the motion to dismiss stage and overrules Defendant's objection to the Magistrate Judge's finding and recommendation.

### IV. CONCLUSION

Based on the foregoing, the Court **OVERRULES IN PART** Defendant's Objections. (Doc. 16).

The Court further **ADOPTS IN PART** the R&R, to the extent that it is consistent with this Order. (Doc. 15).

The Court finally **GRANTS IN PART** and **DENIES IN PART** Defendant's Motion to Dismiss. (Doc. 11). Accordingly, the Court **DISMISSES WITH PREJUDICE** Count II (Plaintiff's Fourteenth Amendment claim).

Count I (Plaintiff's Fourth Amendment claim) and Plaintiff's request for punitive damages remain.

It is so **ORDERED**.

SIGNED this 17th day of May, 2022.

_____
DAVID COUNTS
UNITED STATES DISTRICT JUDGE